# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

RANDY KITCHEN and MISTY KITCHEN, )
d/b/a/ KITCHEN FARMS, )
 )
        **Plaintiffs,** )
 )
v. ) CIVIL ACTION
 )
GREAT AMERICAN INSURANCE ) NO. 10-2301-KHV
COMPANY, a/k/a/ GREAT AMERICAN )
INSURANCE GROUP, )
 )
        **Defendant.** )
_____)

## MEMORANDUM AND ORDER

Randy and Misty Kitchen filed suit against Great American Insurance Company in the District Court of Miami County, Kansas, alleging breach of insurance contract and alternative claims of negligence and professional malpractice. On May 28, 2010, Great American removed the case under 28 U.S.C. § 1446(b) alleging diversity jurisdiction. 28 U.S.C. § 1332(a)(1). See Notice Of Removal (Doc. #1). This matter is before the Court on plaintiffs' Motion To Remand (Doc. #10) filed June 11, 2010. Plaintiffs argue that the Court should remand because the amount in controversy does not met the jurisdictional minimum. For the reasons set forth below, the Court overrules plaintiffs' motion.

## Factual and Procedural Background

On May 28, 2009, plaintiffs filed a petition in the District Court of Miami County, Kansas, seeking damages in excess of $75,000 against Great American Insurance Company ("Great American"); Elliott Insurance, Inc.; Elliott Insurance Ltd. d/b/a/ Elliott Insurance Group; and Jo Erin Struteville a/k/a Jo Erin Peterson, Case No. 09 CV 165. Plaintiffs and defendant Struteville are

Kansas residents, and Elliott Insurance Inc. and Elliott Insurance Ltd. are Kansas corporations. Great American is an Ohio corporation. On September 24, 2009, plaintiffs filed a Statement of Monetary Damages in the Miami County action alleging damages exceeding $184,000.

On May 5, 2010, the state court dismissed all defendants except Great American, which created complete diversity between plaintiffs and defendant. That same day, defendant testified that it valued plaintiffs' loss at $48,299. On May 28, 2010, Great American removed the case to this Court under 28 U.S.C. §§ 1332(a)(1) and 1446(b). Before defendant removed the case, plaintiffs did not amend their petition or statement of monetary damages.

## Analysis

Subject matter jurisdiction under 28 U.S.C. § 1332(a) requires an amount in controversy in excess of $75,000, exclusive of interest and costs. McPhail v. Deere & Co., 529 F.3d 947, 952 (10th Cir. 2008). The amount in controversy is ordinarily determined by the allegations of the complaint, or where they are not dispositive, by allegations in the notice of removal. Laughlin v. Kmart Corp., 50 F.3d 871, 873 (10th Cir. 1995). Here, plaintiffs' petition alleges damages exceeding $75,000. See Doc. #1-1, at 6. Further, in the notice of removal, defendant states that plaintiffs filed a Statement of Monetary Damages alleging damages in excess of $184,000. That statement is attached as an exhibit to the notice of removal. See Doc. #1, at 2; Doc. #1-1, at 21.

Plaintiffs seek remand, arguing that their damages do not exceed $50,000 but that they did not know that until defendant testified at deposition on May 5, 2010. In their statement of monetary damages, plaintiffs relied on the full face value of the policy – $180,000 – plus $4,000 in costs and fees. At defendant's deposition, they learned that it values plaintiffs' loss at $48,299. Plaintiffs assert that once the case is remanded, they will amend their statement of damages to conform to the

loss amount determined by defendant.

After removal, plaintiffs cannot oust the court's subject matter jurisdiction by stipulation, affidavit or amending their pleadings to reduce the jurisdictional amount. Ambrose Packaging, Inc. v. Flexsol Packaging Corp., No. 04-2162-JWL, 2004 WL 2075457, at *2 (D. Kan. Sept. 16, 2004) (discussing St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283 (1938)). Jurisdiction attached when defendant filed its notice of removal. See, e.g. Ambrose Packaging, 2004 WL 2075457, at *3. The law is clearly established that plaintiffs cannot divest this Court of jurisdiction by a post-removal amendment to their statement of damages that reduces the amount in controversy below the jurisdictional amount. Id. The Court therefore overrules plaintiffs' motion.

**IT IS THEREFORE ORDERED** that plaintiffs' Motion To Remand (Doc. #10) filed June 11, 2010 be and hereby is **OVERRULED.**

Dated this 13th day of October, 2010, at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge